J-S04023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1722 EDA 2021 |

Appeal from the PCRA Order Entered June 25, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0007513-2010

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 7, 2022**

James Williams (Appellant) appeals *pro se* from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In November 2012, a jury found Appellant guilty of first-degree murder and a firearms offense.  The trial court subsequently sentenced Appellant to life in prison.  This Court affirmed the judgment of sentence and the Supreme Court of Pennsylvania denied allowance of appeal.  **See Commonwealth v. Williams**, 116 A.3d 696 (Pa. Super. 2014) (Table) (unpublished memorandum), **appeal denied**, 119 A.3d 351 (Pa. 2015).

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant filed two PCRA petitions between 2015 and 2018, both of which were unsuccessful. On December 20, 2020, Appellant filed in the trial court civil division, the underlying *pro se* "Petition for Writ of *Habeas Corpus*," which was eventually transferred to criminal division and docketed on January 14, 2021. The criminal court properly treated the filing as a serial PCRA petition.[1] In sum, Appellant claimed his legal rights had been violated, the trial court lacked jurisdiction to try or sentence him, and his sentence exceeded the lawful maximum. **See generally** PCRA Petition, 1/14/21.[2]

The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing after concluding Appellant's serial petition was untimely. Appellant filed a *pro se* response. By order entered June 25, 2021, the court dismissed Appellant's petition. Appellant filed a *pro se* notice of appeal on August 17, 2021.[3]

---

[1] "[A]ny petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (citation and ellipses omitted); **see also Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013) ("The PCRA … subsumes the remed[y] of *habeas corpus*" where the PCRA provides a remedy for the claim); 42 Pa.C.S.A. § 9542 (same).

[2] Appellant filed additional *pro se* pleadings with the PCRA court. **See** PCRA Court Memorandum Opinion, 6/25/21, at unnumbered 3, n.5 (describing the *pro se* filings).

[3] Appellant's notice of appeal is facially untimely. **See** Pa.R.A.P. 903(a) (30-day appeal period). However, this defect does not deprive us of jurisdiction because there is no indication in the PCRA court docket that it notified Appellant of the dismissal order. **See** Pa.R.A.P. 108(a)(1) (appeal period

*(Footnote Continued Next Page)*

At the outset, we find waiver. Appellant has failed to include in his brief a statement of questions involved as required by Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *see also Krebs v. United Ref. Co.*, 893 A.2d 776, 797 (Pa. Super. 2006) (finding waiver).

In addition, Appellant's brief **in no way** conforms to the Pennsylvania Rules of Appellate Procedure. Our Supreme Court has stated:

> The briefing requirements, scrupulously delineated in our appellate rules, are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review ... may be properly exercised. Thus, we reiterate that **compliance with these rules by appellate advocates** ... **is mandatory**.

*Commonwealth v. Perez*, 93 A.3d 829, 837-38 (Pa. 2014) (citation omitted; emphasis added).

We recognize that Appellant is *pro se*. However,

> [u]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. *See Commonwealth v. Williams*, … 896 A.2d 523, 534 (Pa. 2006) (*pro se* defendants are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit

---

begins to run on the date the clerk of courts "mails or delivers copies of the order to the parties"); *see also* Pa.R.Crim.P. 114(C)(2)(c); Pa.R.Crim.P. 907(4); *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (finding breakdown in PCRA court and deeming petitioner's appeal timely where clerk of courts failed to notify petitioner of order denying collateral relief); *Commonwealth v. Barreto*, 258 A.3d 540, n.4 (Pa. Super. 2021) (unpublished memorandum) (Table) (same).

upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014); ***see also*** ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) ("any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.").

Waiver notwithstanding, we reiterate that a PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "If a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition." ***Commonwealth v. Reid***, 235 A.3d 1124, 1140 (Pa. 2020) (citation omitted).

Appellant's sentence became final in October 2015. Appellant did not file the instant PCRA petition until December 2020, over five years after his judgment of sentence became final. Accordingly, the petition is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner pleads and proves an exception in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Here, Appellant does not allege that his late filing was due to interference by government officials (§ 9545(b)(1)(i)), the facts underlying his petition were unknown to him and could not have been ascertained by due diligence (§ 9545(b)(1)(ii)), or that he is asserting a retroactive constitutional right (§ 9545(b)(1)(iii)). "[I]t is the **petitioner's burden to plead in the petition** and prove that one of the exceptions applies." *Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004) (citation omitted; emphasis in original); *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) (same). Thus, Appellant's petition is time-barred, and neither this Court nor the PCRA court has jurisdiction. *See Reid*, *supra*.[4]

Finally, while Appellant challenges the legality of his sentence, *see* PCRA Petition, 1/14/21, at 2-4, and "challenges to the legality of a sentence cannot be waived," a court must first have jurisdiction to address legality. *Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) (citation omitted); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first

_____

[4] There is no merit to Appellant's claim that the "time bar restrictions are of no force or effect in this instant matter." Appellant's Reply Brief at 2 (unnumbered). As explained above, the PCRA subsumes the remedy of *habeas corpus* where, as here, the PCRA provides a remedy for the claim. *See Turner*, *supra*.

satisfy the PCRA's time limits or one of the exceptions thereto."). Because we lack jurisdiction due to Appellant's failure to plead or prove an exception to the PCRA time-bar, we may not address his legality of sentence claim. ***See Fahy***, ***supra***; ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014) ("a legality of sentence claim may [] be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." (citation omitted)).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2022